USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  July 28, 2017

UNITED STATES DISTRICT [COURT]

SOUTHERN DISTRICT OF N[EW YORK]

GEORGE CATALANO, on behalf of himself
and all others similarly situated,

                          Plaintiff,

        v.

BMW of NORTH AMERICA, LLC, a New
Jersey limited liability company; and
BAYERISCHE MOTOREN WERKE
AKTIENGESELLSCHAFT, a corporation
organized under the laws of the Federal Republic
of Germany,

                     Defendants.

Case No. 1:15-cv-04889-KBF

[PROPOSED] ORDER GRANTING
PLAINTIFF'S UNOPPOSED MOTION
FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT

The Court, having considered the arguments and evidence submitted by the parties in connection with Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for Settlement Class Representatives, hereby finds that:

       1.      The proposed Settlement addresses litigation involving two class actions: *Sharma v. BMW of North America, LLC* ("*Sharma* Action), filed in the Northern District of California on May 17, 2013; and *Catalano v. BMW of North America, LLC and Bayerische Motoren Werke Aktiengesellschaft* ("*Catalano* Action"), filed in this Court on June 23, 2015.  The parties in the *Sharma* Action and *Catalano* Action (together, "the Actions") have reached an Agreement to resolve the Actions and the disputes between them.

       2.      During the approximately four years of litigation in two states, the parties have engaged in substantial discovery and motion practice, and conducted a thorough examination and investigation of the facts and law relating to the matters in both Actions.

1

3.      The parties conducted a full day of in-person settlement negotiations with mediator Bradley A. Winters, Esq. on November 4, 2016 in New York, New York.

4.      Plaintiffs and Defendants have vigorously contested all of the factual and legal issues in the Actions.

5.      Class Counsel is of the opinion that that the Settlement with Defendants for the consideration and on the terms set forth in the Settlement Agreement and Release is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the uncertainty associated with litigation, the defenses asserted by Defendants, the governing law and numerous potential appellate issues.

6.      The parties desire to compromise and fully settle their claims with finality and agree to the Settlement of the underlying litigation.

7.      This Court entered an Order Granting Preliminary Approval of Class Action Settlement on February 28, 2017 ("Preliminary Approval Order") (Dkt. No. 129).

8.      This Court conditionally certified, for settlement purposes only, the following Class:

> All persons or entities in the United States and Puerto Rico who currently own or lease, or previously owned or leased, a model year 2004 to 2010 U.S. specification BMW 5 Series (E60 and E61) vehicle purchased or leased in the United States or Puerto Rico.

9.      The Court also preliminarily appointed George Catalano and Eric Anderson as Class Representatives and preliminarily appointed the law firms of Kershaw, Cook & Talley PC (William A. Kershaw and Ian J. Barlow), Wexler Wallace LLP (Edward A. Wallace), The Law Offices of Robert L. Starr (Robert L. Starr), and The Law Offices of Stephen M. Harris, PC (Stephen M. Harris) as Class Counsel.

10.    Kurtzman Carson Consultants, LLC ("KCC") was approved as the Claims Administrator and the Court directed KCC to perform all other Settlement Administration responsibilities set forth in the Settlement Agreement.

11.    Notice to Settlement Class Members was sent in accordance with the Settlement Agreement and Preliminary Approval Order.

12.    A full opportunity was afforded to the Settlement Class Members to participate in, comment on, opt-out or object to the Settlement, notice and claims procedure.  Thirty-eight Class Members opted-out of the Settlement and the Settlement Class and are therefore not bound by the Settlement, the provisions of the Settlement or this Order.  There were thirty-five objections to the proposed Settlement.  Some of these objections were untimely and/or did not fully comply with the requirements set forth in the Settlement Agreement and Notice.

13.    A fairness hearing on the proposed Settlement was duly held on July 28, 2017. The Court has been advised of all objections to the Settlement and has given fair consideration to such objections.  Each of the objections is overruled.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

14.    This Order hereby incorporates by reference the definitions of the Settlement Agreement as if fully set forth herein, and all terms used herein have the same meaning as set forth in the Settlement Agreement.

15.    The Court has personal jurisdiction over all Class Members and parties, subject-matter jurisdiction over the claims asserted in the Actions, and venue is proper.

16.    The Court hereby grants Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and approves the Settlement Agreement and Release as fair, reasonable, in the best interest of the Settlement Class Members, and adequate in all respects to the Settlement Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure, and

orders the parties to consummate the Settlement in accordance with the terms of the Settlement Agreement and Release.

17.     As previously found in the Court's Preliminary Approval Order, the Class, for settlement purposes only, satisfies the requirements for a Rule 23 settlement class, and is defined as follows:

> All persons or entities in the United States and Puerto Rico who currently own or lease, or previously owned or leased, a model year 2004 to 2010 U.S. specification BMW 5 Series (E60 and E61) vehicle purchased or leased in the United States or Puerto Rico.

18.     In full compliance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, on May 22, 2017, the Settlement Administrator mailed Notice Packets by first-class mail to 1,206,455 Class Members at the last known address as reflected in vehicle registration information from state motor vehicle agencies.

19.     The Court has determined that the Notice given to the Class fully and accurately informed all persons in the Class of all material elements of the proposed Settlement—including available relief under the Settlement, the application for Class Counsel Fees and Expenses, the application for Service Awards to Class Representatives, the procedure to exclude themselves from the Settlement and become opt outs or to file an objection to the Settlement, and the scope of the released claims—constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice to all Class Members, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable laws. The Claims Administrator has filed with the Court a declaration reporting the names of all individuals who have submitted a valid Request for Exclusion.

20.     In full compliance with the requirements of 28 U.S.C. § 1715(b), Defendants provided notice of the Settlement to (a) the Attorney General of the United States of America

and (b) to the appropriate state official (as that term is defined in 28 U.S.C. § 1715(a)(2)) of every state in which a Class Member resides. As further required under 28 U.S.C. § 1715(d), more than 90 days have elapsed since the service of such notices. Neither the Attorney General of the United States nor any appropriate state official has served written objection to the Settlement or appeared at the hearing to object to the Settlement.

21.     The Court hereby appoints George Catalano and Eric Anderson as Class Representatives and the law firms of Kershaw, Cook & Talley PC (William A. Kershaw and Ian J. Barlow), Wexler Wallace LLP (Edward A. Wallace), The Law Offices of Robert L. Starr (Robert L. Starr), and The Law Offices of Stephen M. Harris, PC (Stephen M. Harris) as Class Counsel.

22.     The Court also hereby grants Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for Settlement Class Representatives.

23.     The Court awards Class Counsel Fees and Expenses in the amount of $1,787,500 to be paid in accordance with the Settlement Agreement.

24.     The Court approves Service Awards for the Class Representatives in the amount of $3,500 each ($7,000 total) to be paid in accordance with the Settlement Agreement.

25.     The Court hereby dismisses this Action with prejudice and without prevailing party costs.  Plaintiffs will also dismiss the *Sharma* Action with prejudice pursuant to the terms of the Settlement Agreement.

26.     Upon entry of this Final Approval Order and Judgment, and by operation of this Final Approval Order and Judgment and the Settlement Agreement and Release, the Releasing Parties (as defined in section VII of the Settlement Agreement) release and forever discharge the Released Parties (as defined in section VII of the Settlement Agreement), from

each and every claim of liability, on any legal or equitable ground, including relief under federal law or the laws of any state, regarding or related to the Class Vehicles' Defect, including without limitation all claims, damages, punitive or exemplary damages, attorneys' fees, costs, expenses, or liability on any legal or equitable ground, and regardless of whether such claims might have been or might be brought directly or indirectly, or through subrogation or assignment or otherwise, on account of or related to Class Vehicle Defect claims that were alleged or could have been alleged in the Actions, but do not include claims for personal injury or property damage other than to a Class Vehicle or claiming subrogation of such claims.

The Release, as set forth in section VII of the Settlement Agreement, shall take effect as of the Effective Date, pursuant to the Settlement Agreement.

27.    Due and adequate notice of the proceedings having been provided to the Settlement Class Members, and a full opportunity having been offered to them to participate in this hearing, it is hereby determined that they are bound by this Final Approval Order and Judgment entered herein, including without limitation, the Class Released Claims.

28.    The Final Approval Order and Judgment and the Settlement Agreement and Release, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendants of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this Action or in any other proceeding.

29.    The Court finds that there is no just reason for delay of entry of this Final Approval Order and Judgment and hereby directs its entry.

30.    The Court has authority to issue any related orders necessary to effectuate the Final Approval of the Settlement Agreement and its implementation.

/ / /

/ / /

/ / /

/ / /

6

31.     Without affecting the finality of this Order, the Court shall retain exclusive and continuing jurisdiction over the litigation, the Class Representatives, the Class and Defendants for purposes of supervising the consummation, administration, implementation, enforcement and interpretation of the Settlement Agreement and Release and all other matters covered in this Order.


IT IS SO ORDERED.

DATED:  _7/28/17_

_____
HON. KATHERINE B. FORREST
UNITED STATES DISTRICT COURT JUDGE